UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10-cr-00050-JAW |
| | ) | |
| KENNETH L. GOODRICH | ) | |

**ORDER ON MOTION TO DISMISS**

Facing a charge of possession of a firearm by a person previously committed to a mental institution, Kenneth L. Goodrich moves to dismiss the indictment, claiming that the indictment violates the Second and Fifth Amendments to the United States Constitution and that the prosecution is barred by the doctrine of entrapment by estoppel. Consistent with prior rulings on the constitutional question, the Court denies that portion of the motion. Because the defense of entrapment by estoppel requires factual development, the Court dismisses that portion of the motion without prejudice.

**I.    STATEMENT OF FACTS**

On March 18, 2009, a grand jury indicted Kenneth L. Goodrich on one count of knowing possession of a firearm in or affecting interstate commerce by a person previously committed to a mental institution, a violation of 18 U.S.C. § 922(g)(4). *Indictment* (Docket # 1). Mr. Goodrich moves to dismiss the pending indictment on two grounds: 1) that 18 U.S.C. § 922(g)(4), as this Court construes it, violates the Second and Fifth Amendments to the United States Constitution; and, 2) that the defense of entrapment by estoppel bars the prosecution. *Mot. to Dismiss* (Docket #

39). Mr. Goodrich says that on April 20, 2006, he was admitted involuntarily to Acadia Hospital ("Acadia"), a psychiatric hospital. *Id.* at 1-2. He goes on to say that on May 8, 2006, Dr. Huangthaisong of Acadia wrote a letter "purporting to remove any restriction" from Mr. Goodrich's possession of firearms. *Id.* at 2. Finally, he points to a May 9, 2007, "Open letter to the State's Attorney General" from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF&E), in which it stated that before ATF&E considers anyone to have a federal firearms disability for involuntary admission to a mental institution, the person must have the full protections of due process, including adequate notice, an opportunity to respond, and a right to counsel. *Id.* at 2-3.

The United States responds to Mr. Goodrich's constitutional arguments, noting that Mr. Goodrich "acknowledges that his commitment in 2006 complied with Maine law," and directing this Court to this District's previous decisions rejecting the same arguments Mr. Goodrich raises. *Government's Response to Def.'s Mot. to Dismiss Indictment* at 1-2 (Docket # 43). As to Mr. Goodrich's entrapment by estoppel argument, the United States says that the letter from Acadia "does not establish that he was told by a government official that his conduct was legal, that he reasonably relied on advice given to him, and that prosecution would be unfair," since the letter does not speak to the legality of Mr. Goodrich's gun ownership and since the author of the letter "is obviously not a representative of any law enforcement agency and is offering a clinical and not a legal opinion." *Id.* at 3. The United States also addresses the May 9, 2007, "open letter," noting that Mr.

2

Goodrich does not claim reliance upon the press release, and adding that "[n]o plausible argument can be made that the release communicated advice to the defendant that his possession of a firearm would be legal." *Id.* at 4.

## II.   DISCUSSION

### A.   Constitutional Concerns

This District has repeatedly rejected the same constitutional concerns that Mr. Goodrich now raises. Rather than repeat itself, the Court concludes that the reasoning from prior cases applies with equal force to Mr. Goodrich's current contentions. *See United States v. Roy*, No. CR-10-107-P-H, 2010 U.S. Dist. LEXIS 107620, at *2-4 (D. Me. Oct. 6, 2010); *United States v. Burhoe*, No. CR-06-57-B-W, 2010 U.S. Dist. LEXIS 100397, at *3-5 (D. Me. Sep. 21, 2010); *United States v. Zetterman*, No. CR-09-54-B-W, 2010 U.S. Dist. LEXIS 25228, at *3-4 (D. Me. Mar. 17, 2010); *United States v. Rehlander*, 685 F. Supp. 2d 159, 162-63 (D. Me. 2010); *United States v. Small*, No. CR-09-184-B-W, 2010 U.S. Dist. LEXIS 13698, at *3-6 (D. Me. Feb. 16, 2010); *United States v. Murphy*, 681 F. Supp. 2d 95, 103-04 (D. Me. 2010); *United States v. Milheron*, 231 F. Supp. 2d 376, 378-80 (D. Me. 2002).

### B.   Entrapment by Estoppel

To establish entrapment by estoppel, Mr. Goodrich must demonstrate: 1) that a government official told him the act was legal; 2) that he relied on the advice; 3) that the reliance was reasonable; and, 4) that, given the reliance, prosecution would be unfair. *United States v. Ellis*, 168 F.3d 558, 561 (1st Cir. 1999). Whatever the merits of Mr. Goodrich's position, a motion to dismiss is an awkward vehicle to rule

3

on the fact-intensive inquiry that would be necessary to determine whether the elements of entrapment by estoppel have been satisfied.

By returning an indictment, a grand jury is carrying out a constitutional function set forth in the Bill of Rights.  U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . .").  Unlike civil actions, an indictment is not generally subject to dispositive motion practice.  "[D]ismissing an indictment is an extraordinary step."  *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)).  In *Whitehouse v. United States District Court*, the First Circuit observed that "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury.  That power is appropriately reserved, therefore, for extremely limited circumstances."  53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)).

Reviewing the allegations in the indictment does not reveal any legal infirmity.  The indictment simply alleges:

> On about April 3 to April 11, 2009, in the District of Maine, defendant Kenneth L. Goodrich having been committed to a mental institution on about April 20, 2006, knowingly possessed in or affecting commerce the following firearm: A Mosin Nagant, R-Guns Importer, 7.62 x 54R rifle, bearing serial number M102277.  In violation of section 922(g)(4) of Title 18 of the United States Code.

*Indictment*.  There is nothing on the face of the indictment that addresses Mr. Goodrich's entrapment by estoppel defense.  Nor has the Government proffered what it intends to present at the time of trial, thus precluding consideration of the

merits of the motion to dismiss. *See United States v. Booker*, 557 F. Supp. 2d 153, 155 (D. Me. 2008) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment" (quoting *United States v. Parker*, F. Supp. 2d 431, 458 (W.D.N.Y. 2001)). But here Mr. Goodrich asks the Court to dismiss the indictment based not on what he says the Government cannot prove, but based on what he says he can. At the very least, Mr. Goodrich has the obligation to place the facts before the Court to allow it to make an appropriate determination. *See id.* ("[T]he trial judge has a 'duty to require a *prima facie* showing by the defendant that he can produce evidence on each of the elements of the defense.'" (quoting *United States v. Johnson*, 416 F3d 464, 467-68 (6th Cir. 2005)). Usually, the proper context for evidentiary development is at trial, where the jury can make a determination of the facts and conclude whether a defendant has successfully sustained his defense, although it can be done upon an agreed-upon set of proffered facts. *See id.* at 156 n.4.

Here, Mr. Goodrich simply makes factual averments in his motion and demands that the indictment be dismissed. The Court will not dismiss the indictment based solely on factual representations by counsel. *See United States v. Marek*, 548 F.3d 147, 154 n.9 (1st Cir. 2008) (noting in an appeal as to the sufficiency of the evidence that "it is improper to consider mere argument, no matter how good or bad, as evidence in support of a conviction").

### III.   CONCLUSION

The Court DENIES Kenneth L. Goodrich's Motion to Dismiss (Docket # 39).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2011