UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10-cr-00050-JAW |
| | ) | |
| KENNETH L. GOODRICH | ) | |

**ORDER ON MOTION TO RECONSIDER**

A defendant seeks dismissal of an indictment based on stipulated facts he contends prove his defense of entrapment by estoppel. The Court declines to do so since the motion to dismiss attempts to test the sufficiency of the indictment by proffering evidence the defendant proposes to submit at trial, a procedure unknown in criminal law and contrary to the constitutional functions of the grand jury and jury.

**I.    STATEMENT OF FACTS**

Charged with possession of a firearm by a person previously committed to a mental institution, Kenneth L. Goodrich asks for reconsideration of an earlier Order, which denied his motion to dismiss the indictment. *Mot. to Recons.* (Docket # 68); *Order on Mot. to Dismiss* (Docket # 45); *Mot. to Dismiss* (Docket # 39). Specifically, Mr. Goodrich seeks reconsideration of the Court's entrapment by estoppel ruling on the ground that he has now obtained facts to support the motion.[1]

---

[1] Mr. Goodrich also moved to dismiss the indictment on Second Amendment and due process grounds. *Mot. to Dismiss* at 3-16 (Docket # 39). He does not seek reconsideration of that portion of the Order. *Mot. to Recons.* at 1.

*Id.* at 1. He has supplied a Stipulation setting forth facts by agreement of the parties.[2] *Stipulations* (Docket # 69).

Stitching together the motion to dismiss with the motion to reconsider, the Court arrives at the following set of facts. On April 20, 2006, by order of the Maine District Court, Mr. Goodrich was transported to the Eastern Maine Medical Center and was ultimately involuntarily hospitalized on an emergency basis at Acadia Hospital, a psychiatric hospital. *Mot. to Dismiss* at 17; *Stipulations* ¶ 1. The hospitalization occurred pursuant to 34-B M.R.S. § 3863. Stipulations ¶ 1. Mr. Goodrich believed that the Acadia hospitalization was voluntary. *Id.* ¶ 5. Dr. Pongsak Huangthaisong was an employee of Acadia Hospital in April 2006 and treated Mr. Goodrich during this commitment. *Id.* ¶ 2. On May 8, 2006, Dr. Huangthaisong issued a letter on Acadia Hospital stationery stating that "it is our determination that he is able to maintain his safety and utilize good judgment and may have possession of his firearms again." *Mot. To Dismiss* Ex. B (Letter of Dr. Huangthaisong, May 8, 2006).

Mr. Goodrich possessed a valid Maine hunting license for the years 1994, 1998, 2002, 2003, and 2006 issued by the state of Maine for taking deer by firearms. *Stipulations* ¶ 3. On April 1, 2009, Mr. Goodrich went to the Moosehead Trail Trading Post in Palmyra, Maine and completed a Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) Federal Firearms Transaction Record (ATF

---

[2] The "Stipulations" are signed only by Attorney Smith, but he represents that they are filed by agreement of the parties. *Stipulations* at 1. Even though the Government has not signed the Stipulations and has not otherwise indicated its consent, for purposes of the motion, the Court assumes that the Government agrees to the Stipulations.

Form 4473). *Id.* ¶ 4. In completing the form, Mr. Goodrich answered, "no", to question 11f, which read: "Have you ever been adjudicated mentally defective (which includes a determination by a court, board, commission, or other lawful authority that you are a danger to yourself or to others or are incompetent to manage your own affairs) OR have you ever been committed to a mental institution." *Id.* Mr. Goodrich provided his Maine driver's license as identification. *Id.* The state of Maine does not report involuntary commitments to the National Instant Criminal Background Check System (NICS) and after a delay, NICS reported to the Moosehead Trail Trading Post that the sale could proceed. *Id.*

On April 3, 2006, Mr. Goodrich returned to the Moosehead Trail Trading Post and took possession of a Russian-made Mosin Nagant, R-Guns Importer, 7.62 x 54R rifle, bearing serial number M102277. *Id.* Law enforcement officers recovered the firearm from Mr. Goodrich's residence in Corinna, Maine on April 11, 2009. *Id.*

On May 9, 2007, the United States Department of Justice, BARFE, issued an "Open Letter," which was publicly available. *Id.* ¶ 6. The parties agree, however, that there is no evidence that Mr. Goodrich specifically relied on the "Open Letter" in making his gun purchase. *Id.*

The Government did not respond to Mr. Goodrich's motion for reconsideration but on June 14, 2011, it moved in limine to exclude an entrapment by estoppel defense. *Gov't's Mot.* in Limine (Docket # 54). Mr. Goodrich responded to the motion in limine on July 12, 2011. *Def.'s Resp. to Gov't's Mot.* in Limine (Docket # 64).

## II.  DISCUSSION

In its Order on the motion to dismiss, the Court observed that "[w]hatever the merits of Mr. Goodrich's position, a motion to dismiss is an awkward vehicle to rule on the fact-intensive inquiry that would be necessary to determine whether the elements of entrapment by estoppel have been satisfied." *Order on Mot. to Dismiss* at 3-4 (Docket # 45). The Court explained that "[u]nlike civil actions, an indictment is not generally subject to dispositive motion practice" and the power to dismiss an indictment is reserved "for extremely limited circumstances." *Id.* at 4 (citations omitted). The Court reviewed the allegations in the indictment and concluded that it was not subject to dismissal based on an entrapment by estoppel defense. *Id.* At the same time, the Court observed that, where jurisdiction is challenged, some courts have allowed the Government to make a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense. *Id.* at 5 (citing *United States v. Parker*, 165 F. Supp. 2d 431, 458 (W.D.N.Y. 2001)).  Noting that Mr. Goodrich was asking the Court to dismiss the indictment, "not on what he says the Government cannot prove, but based on what he says he can," the Court ruled that, at the very least, he had to "place the facts before the Court to allow it to make an appropriate determination." *Order on Mot. to Dismiss* at 5. As he had not presented an agreed-upon statement of facts, the Court declined to dismiss the indictment. *Id.*

Mr. Goodrich now returns with a stipulated set of facts and reiterates his demand that the indictment be dismissed. The Court will not do so. By whatever

4

underpinning, Mr. Goodrich's motion attempts to test the sufficiency of an indictment by testing the sufficiency of the evidence to support the indictment. This procedure is unknown in criminal law. In handing down an indictment the "grand jury is performing a constitutional function enshrined in the Bill of Rights." *United States v. Poulin*, 645 F. Supp. 2d 17, 22 (D. Me. 2009); U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"). Unlike a complaint initiating a civil action, "an indictment is not generally subject to dispositive motion practice." *United States v. Nai Fook Li*, 206 F.3d 56, 62 (1st Cir. 2000); *Poulin*, 645 F. Supp. 2d at 22. "When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances." *Whitehouse v. United States Dist. Ct.*, 53 F.3d 1349, 1360 (1st Cir. 1995); see *United States v. Morrison*, 449 U.S. 361, 365 (1981) (concluding that the dismissal of an indictment was unwarranted absent a constitutional violation that prejudiced defendant's case); *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) (declining to dismiss an indictment based on an asserted violation of the Vienna Convention).

Although framed as a motion to dismiss the indictment, Mr. Goodrich really has no quarrel with the sufficiency of the indictment. For example, he does not claim it fails to allege an essential element of the offense or assert a jurisdictional flaw. Instead, he posits the evidence he would offer at trial to support his entrapment by estoppel defense and seeks to have the indictment dismissed on that

5

basis. This procedure is contrary to law. As Charles Alan Wright and Andrew D. Leipold explain:

> If a pretrial motion attacks the sufficiency of the indictment or information, the allegations of the pleading must be taken as true. Although Rule 47 permits affidavits in support of motions, neither it nor Rule 12 was intended to permit "speaking motions," that is, motions that require consideration of facts outside the pleadings. Were the rule otherwise, the truth of the allegations could be challenged by affidavit, and the pretrial motion could be turned into a trial of the general issue. This is not to say that courts may not resolve fact questions when ruling on motions prior to trial, it just may not resolve matters that constitutionally must be decided by a jury.

1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 194 (4th Ed. 2008). For example, a court may resolve pre-trial matters such as motions to suppress, discovery disputes, and joinder issues. *Id.* at § 194 n.7; FED. R. CRIM. P. 12, Advisory Comm. Notes (1944) (listing motions that must and may be raised pretrial). Here, however, Mr. Goodrich asks the Court to dismiss an indictment based on facts that run to his defense and only a jury can evaluate the persuasiveness of his evidence, even though the facts themselves may be stipulated. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where the crime shall have been committed"); FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request <u>that the court can determine without a trial of the general issue</u>") (emphasis supplied).

For example, Mr. Goodrich asserts that Dr. Huangthaisong was acting as an agent of the police or courts when he wrote the May 8, 2006 letter granting Mr. Goodrich permission to possess a firearm. *Mot. to Dismiss* at 17. To establish

6

entrapment by estoppel, a defendant must prove, among other things, that a government "official assure[d the] defendant that certain conduct [was] legal." *United States v. Smith*, 940 F.2d 710, 714 (1st Cir. 1991); *United States v. Lemieux*, 550 F. Supp. 2d 127, 130 (D. Me. 2008) (same).  Dr. Huangthaisong's status as a government official cannot be assumed based on the facts in the Stipulations but is subject to proof at trial.  Similarly, whether Mr. Goodrich can meet his burden to establish the other elements of entrapment by estoppel is a mixed question of law and fact and cannot be tested by moving to dismiss the indictment.

### III.  CONCLUSION

The Court DENIES the Defendant's Motion to Reconsider (Docket # 68).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2011